IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:25-cv-04046-RBJ

JUAN VENCES NUÑEZ,

    Petitioner,

v.

KRISTI NOEM, PAMELA BONDI,
TODD M. LYONS, ROBERT G. HAGAN,
JUAN BALTAZAR,
in their official capacities,

    Respondents.

---

# ORDER

---

This matter comes before the Court on petitioner Mr. Vences Nuñez's (petitioner or Mr. Vences Nuñez) "Emergency Petition for a Writ of Habeas Corpus" (Petition). ECF No. 1. A Mexican national who entered the United States without inspection and has been living here for nearly 20 years, Mr. Vences Nuñez was arrested by U.S. Immigration Customs and Enforcement (ICE) on November 11, 2025, and placed in removal proceedings. *Id*. at ¶2. He was taken to the Denver Contract detention Facility where he has remained detained ever since. *Id*.

Mr. Vences Nuñez alleges that respondents are unlawfully detaining him under 8 U.S.C. § 1225(b)(2)(A) of the Immigration and Nationality Act (INA),

1

which mandates detention during removal proceedings for "applicant[s] for admission" who are "seeking admission" to the United States. *Id.* Mr. Vences Nuñez asserts that this provision does not apply to him, and therefore, his present mandatory detention violates due process under the Fifth Amendment, his statutory right to a bond hearing under 8 U.S.C. § 1226(a), and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). *See* ECF No. 1 at ¶¶36- 51.

Petitioner requests, *inter alia*, that this Court order his immediate release from custody, or, in the alternative, order respondents to provide him with a bond hearing before a neutral decisionmaker within seven days where the government would bear the burden to justify his detention by clear and convincing evidence. *Id.* at 10. He further requests that the Court enjoin respondents from transferring him outside the jurisdiction pending resolution of this matter. *Id.* For the reasons stated below, this Court will GRANT the petition to the extent that respondents are prohibited from transferring Mr. Vences Nuñez from the District of Colorado or removing him from the United States during the pendency of this case.

As this Court has previously explained, the question of what provision of the INA properly governs the detention of a noncitizen who, like petitioner, entered the country without inspection and has resided here for more than two years is a recurring issue. *See Campos-Melara v. Noem et al.*, 1:25-cv-03929-RBJ, ECF No. 7 (D. Colo. Dec. 9, 2025).

2

This Court has the inherent authority under the All Writs Act, 28 U.S.C. § 1651, to preserve its jurisdiction by enjoining the transfer of a noncitizen challenging his mandatory detention under § 1225(b)(2)(A).  *See, e.g.*, *Castillo v. Andra-Ybarra*, Civ. No. 25-1074 JB/JFR, 2025 WL 3251223, at *12-13 (D.N.M. Nov. 21, 2025); *Alves v. U.S. DOJ*, Cause No. EP-25-CV-306-KC, 2025 WL 269763, at *5 (W.D. Tex. Sept. 12, 2025).  This Court has previously determined that it may grant this relief whether it is requested via a motion for a temporary restraining order or a motion for a protective order.  *See Velazquez de Leon v. Baltazar et al*, 1:25-cv-03805-RBJ, ECF No. 13 (D. Colo. Dec. 2, 2025); *Campos-Melara*, ECF No. 7.

The Court has no trouble concluding that it may likewise grant this relief where it is requested, as here, in the noncitizen's petition for a writ of habeas corpus itself.  *See, e.g.*, *Alves*, 2025 WL 269763, at *5 (granting plea presented in habeas petition to enjoin transfer of petitioner during pendency of the case); *M.A.P.S. v. Garite*, 786 F.Supp.3d 1026, 1061 (W.D. Tex. Jun. 9, 2025) (same); *Rivera Zumba v. Bondi*, No. 25-cv-14626 (KSH), 2025 WL 2476524 (D.N.J. Aug. 28, 2025) (same).  Obviously, what matters is that the Court is empowered under the All Writs Act to enjoin the transfer or removal of noncitizens while their habeas petitions are pending, not the precise vehicle that they utilize in making that request.

Therefore, to protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the habeas petition only insofar as respondents are hereby enjoined

from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.  At this time, the Court takes no action with respect to the remainder of the relief sought in the habeas petition.

To the extent they have not done so yet, no later than Friday, December 19, 2025, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket.  Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner or requiring a bond hearing within seven (7) days.  *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: December 18, 2025          BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge